UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVISION

CASE NO.: 2:23-CV-485

HAYLEY MILLER,

      Plaintiff,

vs.

MHM HEALTH PROFESSIONALS, LLC
D/B/A CENTURION PROFESSIONALS,

      Defendants.

_____/

## **COMPLAINT**

Plaintiff, Hayley Miller, through her undersigned counsel and sues Defendant, MHM Health Professionals, LLC d/b/a Centurion Professionals, as follows:

1.     Ms. Miller filed this lawsuit against her former employer to obtain recourse for how it treated her differently and failed to protect her from being harassed, and then fired her because she complained about being sexually harassed.

### *Parties, Jurisdiction, and Venue*

2.     **Plaintiff, Hayley Miller ("Ms. Miller")**, is a resident of Lee County, Florida, over 18 years old, and *sui juris*.

135 San Lorenzo Avenue, Suite 770, Miami, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

3.      Ms. Miller is a veteran of the United States Navy who served our country, including on board an aircraft carrier, after which she received an honorable discharge.

4.      Ms. Miller then completed her schooling, and after completing college, she earned a master's degree in clinical mental health counseling from St. Louis University in 2019.

5.      Ms. Miller was at all times material a female/woman and a member of a class of persons protected from discrimination in employment under Title VII of the Civil Rights Act ("Title VII") and the Florida Civil Rights Act of 1992 ("FCRA").

6.      The EEOC issued a Right to Sue to Ms. Miller on April 5, 2023.

7.      **Defendant, MHM Health Professionals, LLC d/b/a Centurion Professionals,** is *sui juris* Missouri limited liability company that conducts business in this District.

8.      The Defendant is responsible for managing and staffing the mental health and medical service professionals for the Charlotte Correctional Institutional, a Florida state prison in Punta Gorda, Charlotte County, Florida.

9.      Defendant was and is responsible for the conduct, acts, and omissions of its officers, managers, supervisory personnel, and employees at all times material to this action.

10.     This is an action for damages greater than $100,000, and this Court has jurisdiction over this matter.

2

11.     This Court has original jurisdiction over Plaintiff's claims that arise under federal law under 28 U.S.C. §1331 and supplemental/pendent jurisdiction over Plaintiff's related Florida state law claims under 28 U.S.C. §1367.

12.     Venue is proper under 28 U.S.C. §1391(b)(ii) because Defendant is a Florida company that maintained a place of business in this District and because most of the actions complained of occurred within this District.

*Background*

13.     Sexual harassment of females working in the prison system is a systemic problem that employers frequently ignore.

14.     Females working in the prison/correctional setting are often subjected to lewd comments, gestures, and indecent exposure and are even threatened by incarcerated men.

15.     Inmates are often the worst offenders in harassing females who work in the prison/correctional system.

16.     Although sexual harassment in the prison/correctional system of female employees is prevalent, female employees are discouraged from reporting the harassment.

17.     The Charlotte Correctional Institution houses some of the most vicious criminals in Florida – and they are housed in the institution for lengthy periods.

18.     The environment at the Charlotte Correctional Institution was so bad that the United States Department of Justice held a hearing on the situation on

135 San Lorenzo Avenue, Suite 770, Miami, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

March 12, 2008.

19.     The environment at the Charlotte Correctional Institution remains problematic, lewd, and harassing.

### *Additional Background Facts*

20.     Defendant employed more than 50 people in Charlotte County, Florida, at all times relevant to this action.

21.     Defendant hired Ms. Miller on or about April 1, 2020, as a mental health professional to provide mental health services to the Charlotte Correctional Institution inmates.

22.     Defendant assigned Ms. Miller to work at F dormitory.

23.     F dormitory houses inmates of different backgrounds, including repeat offenders, violent criminals, gang members, and murderers.

24.     These criminals at the Charlotte Correctional Institution engage in behaviors to which other private employers would not subject their employees.

25.     By way of example, inmates at the Charlotte Correctional Institution expose their genitalia to, openly masturbate in front of, throw fecal and other bodily matter towards, and make lewd and lascivious remarks towards females working at the Charlotte Correctional Institution.

26.     One of the inmates to whom Defendant required that Ms. Miller provide services engaged in inappropriate and harassing conduct towards her, she reported the conduct, was subjected to working with him more, and was then fired.

4

27.     Inmate Moss is a violent criminal and a gang member.

28.     Inmate Moss seemed to have a perverse infatuation with Ms. Miller.

29.     Inmate Moss would publicly masturbate in his cell when Ms. Miller would check on him.

30.     Inmate Moss also would prepare a "cocktail" comprised of urine, fecal matter, and other bodily fluids to hurl at Ms. Miller.

31.     Inmate Moss initiated a bogus complaint of sexual harassment against Ms. Miller in late 2021 or early 2022, which was found to be "Not Sustained" after an investigation, which included a review of video surveillance that corroborated Ms. Miller's version of events.

32.     As part of the investigation process, Ms. Miller met with an investigator from the Florida Department of Corrections, who ultimately determined that Ms. Miller did not engage in any inappropriate conduct.

33.     During the investigation, Ms. Miller complained to the investigator that Inmate Moss was sexually harassing her and requested no further contact with him.

34.     Ms. Miller also complained to numerous superiors employed by Defendant about sexually harassing behavior to which she was subjected at work, including to Dr. Williams, Dr. Boise, and Kathleen Whitworth, and she requested that the care of Inmate Moss be transferred to another mental health counsel due to the harassing conduct to which she was subjected.

5

35.     Defendant did not transfer Inmate Moss to the care of another mental health counselor or otherwise take reasonable steps to protect Ms. Miller from the sexually offensive conduct, thereby continuing to subject Ms. Miller to his abuse.

36.     All conditions precedent were performed by Ms. Miller, occurred, or were waived by the Defendant, including through her dual filing her Charge of Discrimination with the EEOC and the FCHR. More than 180 days have elapsed since the filing of Plaintiff's Charge of Discrimination, and she filed this Complaint within 90 days of the EEOC's issuance of the Notice of Right to Sue issued to her.

37.     Ms. Miller agreed to pay her counsel a reasonable attorney's fee for all services rendered.

## COUNT I – SEXUAL HARASSMENT
## IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

Plaintiff, Hayley Miller, reincorporates and realleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

38.     Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e, *et seq.*, by subjecting Ms. Miller to a hostile work environment based on her sex/gender – female.

39.     Defendant was at all times material the "employer" of Ms. Miller, as the term is defined by the Civil Rights Act, 42 U.S.C. § 2000e(1).

40.     Ms. Miller was at all times material an "employee" of Defendant, as the term is defined by the Civil Rights Act, 42 U.S.C. § 2000e(f).

41.     Title VII of the Civil Rights Act provides as follows:

6

**(a)Employer practices**

It shall be an unlawful employment practice for an employer—

> **(1)** to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
> **(2)** to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S. Code § 2000e–2.

42.    Ms. Miller possessed the skills, background, and qualifications necessary to perform the duties of her position.

43.    Ms. Miller performed her work for Defendant satisfactorily and was, in all respects, a good employee.

44.    Defendant discriminated against Ms. Miller by subjecting her and failing to adequately protect her from sexually harassing conduct from inmates despite either knowing about the offensive conduct (or reasonably knowing through the exercise of due diligence about the offensive conduct) based on the controlled nature of the prison, the surveillance, and the reporting of events.

45.    The acts of sex discrimination and harassment complained of herein were done on account of Ms. Miller's sex.

46.    The acts of sex discrimination and harassment complained of herein were unwelcome and offensive to Ms. Miller.

135 San Lorenzo Avenue, Suite 770, Miami, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

47.     Ms. Miller was subject to unwelcome, offensive, and harassing discriminatory conduct during her employment, and this conduct was directed to and perpetuated upon her because of her sex/gender.

48.     The harassment that Ms. Miller endured at work for Defendant was sufficiently severe and/or pervasive that it altered the terms and conditions of her employment.

49.     Ms. Miller did nothing to welcome the conduct; she found it offensive and disgusting.

50.     Ms. Miller complained to her employer about the harassment that she endured at work.

51.     Although Defendant knew or reasonably should have known of the harassment that Ms. Miller endured, it failed to take appropriate corrective action to protect her from the harassing conduct and instead required her to continue working with (and thereby being subjected to harassing conduct by) Inmate Moss.

52.     Defendant not only failed to protect Ms. Miller or prevent her from being subjected to more harassing, demeaning, and threatening conduct perpetrated by one or more inmates because of her sex, it required that she continue to endure the harassing, demeaning, and threatening conduct perpetrated by one or more inmates.

53.     The aforementioned actions created a hostile work environment and constituted discrimination based on Ms. Miller's sex in violation of Title VII.

135 San Lorenzo Avenue, Suite 770, Miami, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

54.     As a direct and proximate result of Defendant's intentional discriminatory conduct in violation of Title VII, Ms. Miller has suffered and will continue to suffer financial and economic damages in the form of lost wages (front and back pay) and lost benefits. She also suffered and will continue to suffer emotional distress, mental anguish, loss of dignity, and other intangible damages.

55.     Plaintiff, Hayley Miller, demands recovery of her economic damages, including lost wages, back pay, all interest allowed by law, front pay, the value and/or economic impact of lost benefits, and all compensatory damages.

56.     Defendant's actions were knowing, intentional, willful, malicious, and in reckless disregard of Ms. Miller's rights under Title VII, warranting the imposition of punitive damages.

57.     Ms. Miller further seeks to recover her attorney's fees and costs as permitted by law.

WHEREFORE Plaintiff, Hayley Miller, demands the entry of a judgment in her favor and against Defendant, MHM Health Professionals, LLC d/b/a Centurion Professionals, after a trial by jury, declaring that Defendant violated Title VII of the Civil Rights Act, awarding her compensatory damages, including the loss of income in the past and in the future, lost benefits, seniority rights, for mental anguish, loss of dignity, other intangible injuries, for punitive damages, granting her a permanent injunction against Defendant from engaging in discriminatory employment practices on the basis of sex, reinstating and

9

promoting Plaintiff to the position to which she should be holding, all interest allowed by law, and awarding her taxable costs and attorneys' fees.

## COUNT II – RETALIATORY DISCHARGE
## IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

Plaintiff, Hayley Miller, reincorporates and realleges paragraphs 1 through 37 as though set forth fully herein and further alleges as follows:

58.     Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e, *et seq.*, by retaliating against Ms. Miller for reporting workplace sexual harassment.

59.     Defendant was at all times material the "employer" of Ms. Miller, as the term is defined by the Civil Rights Act, 42 U.S.C. § 2000e(1).

60.     Ms. Miller was at all times material an "employee" of Defendant, as the term is defined by the Civil Rights Act, 42 U.S.C. § 2000e(f).

61.     Title VII of the Civil Rights Act makes it unlawful to retaliate against an employee because she "opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

62.     Ms. Miller complained to her employer about the harassment she endured at work because she is a female.

135 San Lorenzo Avenue, Suite 770, Miami, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

63.     Although Defendant knew or reasonably should have known of the harassment that Ms. Miller endured, it failed to take appropriate corrective action to protect her from the harassing conduct.

64.     Defendant not only failed to protect Ms. Miller or prevent her from being subjected to more harassing, demeaning, and threatening conduct perpetrated by one or more inmates because of her sex, it retaliated against her by requiring that she continue to endure the harassing, demeaning, and threatening conduct perpetrated by one or more inmates.

65.     Defendant treated Ms. Miller differently than others who engaged in similar conduct as her because Ms. Miller complained about being sexually harassed at work when the others did not.

66.     The retaliation that Ms. Miller suffered occurred within a short while after she complained to Defendant about the harassment she suffered at work.

67.     As a direct and proximate result of Ms. Miller's reporting and complaining about the sexual harassment she suffered at work, Defendant terminated her employment in violation of Title VII.

68.     As a direct and proximate result of Defendant's intentional discriminatory conduct in violation of Title VII, Ms. Miller has suffered and will continue to suffer financial and economic damages in the form of lost wages (front and back pay) and lost benefits. She also suffered and will continue to suffer emotional distress, mental anguish, loss of dignity, and other intangible damages.

11

69.     Plaintiff, Hayley Miller, demands recovery of her economic damages, including lost wages, back pay, all interest allowed by law, front pay, the value and/or economic impact of lost benefits, and all compensatory damages.

70.     Defendant's actions were knowing, intentional, willful, malicious, and in reckless disregard of Ms. Miller's rights under Title VII, warranting the imposition of punitive damages.

71.     Ms. Miller further seeks to recover her attorney's fees and costs as permitted by law.

WHEREFORE Plaintiff, Hayley Miller, demands the entry of a judgment in her favor and against Defendant, MHM Health Professionals, LLC d/b/a Centurion Professionals, after a trial by jury, declaring that Defendant violated Title VII of the Civil Rights Act, awarding her compensatory damages, including the loss of income in the past and in the future, lost benefits, seniority rights, for mental anguish, loss of dignity, other intangible injuries, for punitive damages, granting her a permanent injunction against Defendant from engaging in discriminatory employment practices on the basis of sex, reinstating and promoting Plaintiff to the position to which she should be holding, all interest allowed by law, and awarding her taxable costs and attorneys' fees.

## COUNT III – SEXUAL HARASSMENT
## IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

Plaintiff, Hayley Miller, reincorporates and realleges paragraphs 1 through 37 as though set forth fully herein and further alleges as follows:

12

72.     The Florida Civil Rights Act of 1992 ("FCRA") makes it unlawful for an employer such as the Defendant to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment because of that individual's sex or gender.

73.     The FCRA, Fla. Stat. §760.10 (7), states in pertinent part as follows:

It is an unlawful employment practice for an employer, an employment agency, a joint labor management committee, or a labor organization to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section.

74.     Defendant was, at all times material to this action, a "person" and/or an "employer" that was and remains subject to the Florida Civil Rights Act of 1992 by employing more than 15 people for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

75.     The FCRA prohibits Defendant from making employment decisions or from taking personnel actions affecting the terms, conditions, and/or privileges of employment based upon sex/gender consideration.

76.     The FCRA allows a prevailing employee to obtain an order prohibiting Defendant from engaging in its discriminatory practice(s) and providing affirmative relief from the effects of the practice(s), to recover back pay, compensatory damages, damages for mental anguish, loss of dignity, and any other intangible injuries, and punitive damages. Fla. Stat. §760.11(5).

77.     Ms. Miller possessed the skills, background, and qualifications

13

necessary to perform the duties of her position.

78.    Ms. Miller performed her work for Defendant satisfactorily, and she was, in all respects, a good employee.

79.    Defendant discriminated against Ms. Miller by subjecting her and failing to adequately protect her from sexually harassing conduct from inmates despite either knowing about the offensive conduct (or reasonably knowing through the exercise of due diligence about the offensive conduct) based on the controlled nature of the prison, the surveillance, and the reporting of events.

80.    The acts of sex discrimination and harassment complained of herein were done on account of Ms. Miller's sex.

81.    The acts of sex discrimination and harassment complained of herein were unwelcome and offensive to Ms. Miller.

82.    Ms. Miller was subject to unwelcome, offensive, and harassing discriminatory conduct during her employment, and this conduct was directed to and perpetuated upon her because of her sex/gender.

83.    The harassment that Ms. Miller endured at work for Defendant was sufficiently severe and/or pervasive that it altered the terms and conditions of her employment.

84.    Ms. Miller did nothing to welcome the conduct; she found it offensive and disgusting.

85.    Ms. Miller complained to Defendant about the harassment that she endured at work.

135 San Lorenzo Avenue, Suite 770, Miami, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

86.     Although Defendant knew or reasonably should have known of the harassment that Ms. Miller endured, it failed to take appropriate corrective action to protect her from the harassing conduct.

87.     Defendant not only failed to protect Ms. Miller or prevent her from being subjected to more harassing, demeaning, and threatening conduct perpetrated by one or more inmates because of her sex, it required that she continue to endure the harassing, demeaning, and threatening conduct perpetrated by one or more inmates.

88.     The aforementioned actions created a hostile work environment and constituted discrimination based on Ms. Miller's sex in violation of the FCRA.

89.     As a direct and proximate result of Defendant's intentional discriminatory conduct in violation of the FCRA, Ms. Miller has suffered and will continue to suffer financial and economic damages in the form of lost wages (front and back pay) and lost benefits. She also suffered and will continue to suffer emotional distress, mental anguish, loss of dignity, and other intangible damages.

90.     Plaintiff, Hayley Miller, accordingly demands recovery of her economic damages, including lost wages, back pay, all interest allowed by law, front pay, the value and/or economic impact of lost benefits, and all compensatory damages.

91.     Defendant's actions were knowing, intentional, willful, malicious, and in reckless disregard of Ms. Miller's rights under the FCRA, warranting the imposition of punitive damages.

15

92.     Ms. Miller further seeks to recover her attorney's fees and costs as permitted by law.

WHEREFORE Plaintiff, Hayley Miller, demands the entry of a judgment in her favor and against Defendant, MHM Health Professionals, LLC d/b/a Centurion Professionals, after a trial by jury, declaring that Defendant violated the Florida Civil Rights Act, awarding her compensatory damages, including the loss of income in the past and in the future, lost benefits, seniority rights, for mental anguish, loss of dignity, other intangible injuries, for punitive damages, granting her a permanent injunction against Defendant from engaging in discriminatory employment practices on the basis of sex, reinstating and promoting Plaintiff to the position to which she should be holding, all interest allowed by law, and awarding her taxable costs and attorneys' fees.

## COUNT IV – RETALIATORY DISCHARGE
## IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

Plaintiff, Hayley Miller, reincorporates and realleges paragraphs 1 through 37 as though set forth fully herein and further alleges as follows:

93.     The Florida Civil Rights Act of 1992 ("FCRA") makes it unlawful for an employer such as the Defendant to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment because of that individual's sex or gender.

94.     The FCRA, Fla. Stat. §760.10 (7), states in pertinent part as follows:

It is an unlawful employment practice for an employer, an employment agency, a joint labor management committee, or a labor organization to

16

discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section.

95.     Defendant was, at all times material to this action, a "person" and/or an "employer" that was and remains subject to the Florida Civil Rights Act of 1992 by employing more than 15 people for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

96.     The FCRA prohibits Defendant from making employment decisions or from taking personnel actions affecting the terms, conditions, and/or privileges of employment based upon sex/gender consideration.

97.     The FCRA allows a prevailing employee to obtain an order prohibiting Defendant from engaging in its discriminatory practice(s) and providing affirmative relief from the effects of the practice(s), to recover back pay, compensatory damages, damages for mental anguish, loss of dignity, and any other intangible injuries, and punitive damages. Fla. Stat. §760.11(5).

98.     Ms. Miller possessed the skills, background, and qualifications necessary to perform the duties of her position.

99.     Ms. Miller performed her work for Defendant satisfactorily and was, in all respects, a good employee.

100.     Ms. Miller complained to her employer about the harassment she endured at work because she is a female.

135 San Lorenzo Avenue, Suite 770, Miami, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

101.    Although Defendant knew or reasonably should have known of the harassment that Ms. Miller endured, it failed to take appropriate corrective action to protect her from the harassing conduct.

102.    Defendant not only failed to protect Ms. Miller or prevent her from being subjected to more harassing, demeaning, and threatening conduct perpetrated by one or more inmates because of her sex, it retaliated against her by requiring that she continue to endure the harassing, demeaning, and threatening conduct perpetrated by one or more inmates.

103.    Defendant treated Ms. Miller differently than others who engaged in similar conduct as her because Ms. Miller complained about being sexually harassed at work when the others did not.

104.    The retaliation that Ms. Miller suffered occurred with a short while after her complaints to Defendant about the harassment she suffered at work.

105.    As a direct and proximate result of Ms. Miller's reporting and complaining about the sexual harassment she suffered at work, Defendant terminated her employment in violation of Title VII.

106.    As a direct and proximate result of Defendant's intentional discriminatory conduct in violation of Title VII, Ms. Miller has suffered and will continue to suffer financial and economic damages in the form of lost wages (front and back pay) and lost benefits. She also suffered and will continue to suffer emotional distress, mental anguish, loss of dignity, and other intangible damages.

18

107.    Plaintiff, Hayley Miller, demands recovery of her economic damages, including lost wages, back pay, all interest allowed by law, front pay, the value and/or economic impact of lost benefits, and all compensatory damages.

108.    Defendant's actions were knowing, intentional, willful, malicious, and in reckless disregard of Ms. Miller's rights under Title VII, warranting the imposition of punitive damages.

109.    Ms. Miller further seeks to recover her attorney's fees and costs as permitted by law.

WHEREFORE Plaintiff, Hayley Miller, demands the entry of a judgment in her favor and against Defendant, MHM Health Professionals, LLC d/b/a Centurion Professionals, after a trial by jury, declaring that Defendant violated the Florida Civil Rights Act, awarding her compensatory damages, including the loss of income in the past and in the future, lost benefits, seniority rights, for mental anguish, loss of dignity, other intangible injuries, for punitive damages, granting her a permanent injunction against Defendant from engaging in discriminatory employment practices on the basis of sex, reinstating and promoting Plaintiff to the position to which she should be holding, all interest allowed by law, and awarding her taxable costs and attorneys' fees.

## DEMAND FOR JURY TRIAL

Plaintiff, Hayley Miller, demands a trial by jury of all issues so triable.

19

Respectfully submitted this 3rd day of July 2023.

<u>Brian H. Pollock, Esq.</u>
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Ave
Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
*Counsel for Plaintiff*

135 San Lorenzo Avenue, Suite 770, Miami, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*