UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**HAYLEY MILLER,**

    **Plaintiff,**

v.                                                            CASE NO. 2:23-cv-485

**MHM HEALTH PROFESSIONALS, LLC**
**D/B/A CENTURION PROFESSIONALS,**

    **Defendant.**
_____/

**DEFENDANT'S ANSWER AND AFFIRMATIVE**
**DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant MHM Health Professionals, LLC ("Defendant"), by and through its undersigned counsel, hereby answers the correspondingly-numbered paragraphs of the Complaint herein as follows:

1. Defendant admits that Plaintiff purports to bring this action for "recourse." Defendant otherwise denies the remaining allegations of this paragraph and denies that Plaintiff is entitled to relief.

*Parties, Jurisdiction, and Venue*

2. Defendant admits that Plaintiff is over the age of 18. Defendant otherwise is without knowledge or information sufficient to form a belief as to the

truth of the allegations regarding Plaintiff's residency and *sui juris* status, therefore, they are denied.

3.  Defendant is without knowledge as to the allegations of this paragraph and, therefore, they are denied.

4.  Defendant is without knowledge as to the allegations of this paragraph and, therefore, they are denied.

5.  Defendant admits that Plaintiff is a member of a protected class due to her gender. Defendant otherwise denies the remaining allegations of this paragraph.

6.  Defendant admits the Dismissal and Notice of Rights dated April 5, 2023, speaks for itself. Defendant otherwise denies the remaining allegations of this paragraph.

7.  Defendant admits that it is a limited liability company that conducts business in the Middle District of Florida. Defendant otherwise denies the remaining allegations of this paragraph.

8.  Defendant admits that it provides mental health professionals for Charlotte Correctional Institutional. Defendant otherwise denies the remaining allegations of this paragraph.

9. Defendant denies the allegations of this paragraph.

10. Defendant admits that Plaintiff's alleged damages are, individually, in excess of $100,000, but denies that Plaintiff is entitled to any relief or damages.

11. Defendant admits the allegations of this paragraph for jurisdictional purposes, otherwise denied.

12. Defendant admits that venue is proper in this district. Defendant otherwise denies the remaining allegations of this paragraph.

### *Background*

13. Defendant denies the allegations of this paragraph.

14. Defendant denies the allegations of this paragraph.

15. Defendant denies the allegations of this paragraph.

16. Defendant denies the allegations of this paragraph.

17. Defendant denies the allegations of this paragraph.

18. Defendant denies the allegations of this paragraph.

19. Defendant denies the allegations of this paragraph.

### *Additional Background Facts*

20. Defendant denies the allegations of this paragraph.

21.     Defendant admits that it employed Plaintiff. Defendant otherwise denies the allegations of this paragraph.

22.     Defendant denies the allegations of this paragraph.

23.     Defendant denies the allegations of this paragraph.

24.     Defendant denies the allegations of this paragraph.

25.     Defendant denies the allegations of this paragraph.

26.     Defendant denies the allegations of this paragraph.

27.     Defendant is without knowledge as to the allegations of this paragraph and, therefore, they are denied.

28.     Defendant is without knowledge as to the allegations of this paragraph and, therefore, they are denied.

29.     Defendant is without knowledge as to the allegations of this paragraph and, therefore, they are denied.

30.     Defendant is without knowledge as to the allegations of this paragraph and, therefore, they are denied.

31.     Defendant admits an inmate filed a complaint against Plaintiff alleging sexual harassment.  Defendant is otherwise without knowledge as to the remaining allegations of this paragraph and, therefore, they are denied.

32. Defendant is without knowledge as to the allegations of this paragraph and, therefore, they are denied.

33. Defendant is without knowledge as to the allegations of this paragraph and, therefore, they are denied.

34. Defendant denies the allegations of this paragraph.

35. Defendant denies the allegations of this paragraph.

36. Defendant denies the allegations of this paragraph.

37. Defendant is without knowledge as to the allegations of this paragraph and, therefore, they are denied.

## COUNT I SEXUAL HARASSMENT
## IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

Defendant reasserts and incorporates herein its responses to Paragraphs 1 through 37.

38. Defendant denies the allegations of this paragraph.

39. Defendant admits that it employed Plaintiff. Defendant otherwise denies the remaining allegations of this paragraph.

40. Defendant admits that it employed Plaintiff. Defendant otherwise denies the remaining allegations of this paragraph.

41. Defendant admits that Title VII of the Civil Rights Act speaks for itself. Defendant otherwise denies the remaining allegations of this paragraph.

42. Defendant denies the allegations of this paragraph.

43. Defendant denies the allegations of this paragraph.

44. Defendant denies the allegations of this paragraph.

45. Defendant denies the allegations of this paragraph.

46. Defendant denies the allegations of this paragraph.

47. Defendant denies the allegations of this paragraph.

48. Defendant denies the allegations of this paragraph.

49. Defendant denies the allegations of this paragraph.

50. Defendant denies the allegations of this paragraph.

51. Defendant denies the allegations of this paragraph.

52. Defendant denies the allegations of this paragraph.

53. Defendant denies the allegations of this paragraph.

54. Defendant denies the allegations of this paragraph.

55. Defendant denies the allegations of this paragraph.

56. Defendant denies the allegations of this paragraph.

57. Defendant denies the allegations of this paragraph and denies that Plaintiff is entitled to any relief or damages sought in the WHEREFORE clause.

## COUNT II RETALIATORY DISCHARGE
## IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

Defendant reasserts and incorporates herein its responses to Paragraphs 1 through 37.

58. Defendant denies the allegations of this paragraph.

59. Defendant admits that it employed Plaintiff. Defendant otherwise denies the remaining allegations of this paragraph.

60. Defendant admits that it employed Plaintiff. Defendant otherwise denies the remaining allegations of this paragraph.

61. Defendant admits that Title VII of the Civil Rights Act speaks for itself. Defendant otherwise denies the remaining allegations of this paragraph.

62. Defendant denies the allegations of this paragraph.

63. Defendant denies the allegations of this paragraph.

64. Defendant denies the allegations of this paragraph.

65. Defendant denies the allegations of this paragraph.

66. Defendant denies the allegations of this paragraph.

67. Defendant denies the allegations of this paragraph.

68. Defendant denies the allegations of this paragraph.

69. Defendant denies the allegations of this paragraph.

70. Defendant denies the allegations of this paragraph.

71. Defendant denies the allegations of this paragraph and denies that Plaintiff is entitled to any relief or damages sought in the WHEREFORE clause.

## COUNT III – SEXUAL HARASSMENT
## IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

Defendant reasserts and incorporates herein its responses to Paragraphs 1 through 37.

72. Defendant admits that the Florida Civil Rights Act of 1992 speaks for itself. Defendant otherwise denies the remaining allegations of this paragraph.

73. Defendant admits that § 760.10, *Florida Statutes*, speaks for itself. Defendant otherwise denies the remaining allegations of this paragraph.

74. Defendant admits that the Florida Civil Rights Act of 1992 speaks for itself. Defendant otherwise denies the remaining allegations of this paragraph.

75. Defendant admits that the Florida Civil Rights Act of 1992 speaks for itself. Defendant otherwise denies the remaining allegations of this paragraph.

76. Defendant admits that the Florida Civil Rights Act of 1992 speaks for itself. Defendant otherwise denies the remaining allegations of this paragraph.

77. Defendant denies the allegations of this paragraph.

78. Defendant denies the allegations of this paragraph.

79. Defendant denies the allegations of this paragraph.

80. Defendant denies the allegations of this paragraph.

81. Defendant denies the allegations of this paragraph.

82. Defendant denies the allegations of this paragraph.

83. Defendant denies the allegations of this paragraph.

84. Defendant denies the allegations of this paragraph.

85. Defendant denies the allegations of this paragraph.

86. Defendant denies the allegations of this paragraph.

87. Defendant denies the allegations of this paragraph.

88. Defendant denies the allegations of this paragraph.

89. Defendant denies the allegations of this paragraph.

90. Defendant denies the allegations of this paragraph.

91. Defendant denies the allegations of this paragraph.

92. Defendant denies the allegations of this paragraph and denies that Plaintiff is entitled to any relief or damages sought in the WHEREFORE clause.

## COUNT IV – RETALIATORY DISCHARGE
## IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

Defendant reasserts and incorporates herein its responses to Paragraphs 1 through 37.

93. Defendant admits that the Florida Civil Rights Act of 1992 speaks for itself. Defendant otherwise denies the remaining allegations of this paragraph.

94. Defendant admits that § 760.10, *Florida Statutes*, speaks for itself. Defendant otherwise denies the remaining allegations of this paragraph.

95. Defendant admits that the Florida Civil Rights Act of 1992 speaks for itself. Defendant otherwise denies the remaining allegations of this paragraph.

96. Defendant admits that the Florida Civil Rights Act of 1992 speaks for itself. Defendant otherwise denies the remaining allegations of this paragraph.

97. Defendant admits that the Florida Civil Rights Act of 1992 speaks for itself. Defendant otherwise denies the remaining allegations of this paragraph.

98. Defendant denies the allegations of this paragraph.

99. Defendant denies the allegations of this paragraph.

100. Defendant denies the allegations of this paragraph.

101. Defendant denies the allegations of this paragraph.

102. Defendant denies the allegations of this paragraph.

103. Defendant denies the allegations of this paragraph.

104. Defendant denies the allegations of this paragraph.

105. Defendant denies the allegations of this paragraph.

106. Defendant denies the allegations of this paragraph.

107. Defendant denies the allegations of this paragraph.

108. Defendant denies the allegations of this paragraph.

109. Defendant denies the allegations of this paragraph and denies that Plaintiff is entitled to any relief or damages sought in the WHEREFORE clause.

## **DEFENDANT'S AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

Plaintiff has failed to comply with all conditions precedent to bringing this action in that Plaintiff failed to administratively exhaust her claims, in whole or in part, by filing a charge of discrimination against Defendant with the Equal Employment Opportunity Commission or Florida Commission on Human Relations.

### **SECOND AFFIRMATIVE DEFENSE**

Any adverse personnel action taken with respect to Plaintiff was taken for legitimate and non-discriminatory reasons and was predicated upon a ground

other than, and would have been taken absent, Plaintiff's alleged protected characteristic protected by Title VII of the Civil Rights Act, the Florida Civil Rights Act, or by §448.101, *et seq.*, *Florida Statutes*.

### THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff establishes any unlawful action was taken, which Defendant denies, Defendant would have taken the same action and decision in the absence of any alleged unlawful motivating factor.

### FOURTH AFFIRMATIVE DEFENSE

Any alleged unlawful actions by current or former employees of Defendant were undertaken outside the course and scope of their employment or by third parties, and any such actions cannot form the basis for Plaintiff's purported discrimination claims because Defendant has not ratified, authorized, or condoned any such unlawful conduct.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any relief under Title VII of the Civil Rights Act, the Florida Civil Rights Act, Chapter 760, *Florida Statutes*, or § 448.101, *et seq.*, *Florida Statutes*, for any alleged conduct occurring outside of the statute of limitations prior to filing any charge of discrimination.

## SIXTH AFFIRMATIVE DEFENSES

Defendant denies that Plaintiff is entitled to an award of attorney's fees.

## SEVENTH AFFIRMATIVE DEFENSES

Defendant is not liable for punitive damages because neither Defendant nor any of its agents committed any act with malice or reckless indifference to Plaintiff's protected rights, approved, authorized, or ratified, or had actual or constructive knowledge of any such acts.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has failed to make reasonable efforts to mitigate her damages, she is not entitled to relief.

## NINTH AFFIRMATIVE DEFENSE

After-acquired evidence of Plaintiff's misconduct, if discovered, may bar some or all of Plaintiff's claims, allegations, or alleged damages.

## TENTH AFFIRMATIVE DEFENSE

Defendant is entitled to a set-off for, among other things, any amounts recovered by Plaintiff from any collateral source or through her efforts to mitigate damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Any compensatory damages are limited to the amounts authorized by Title VII of the Civil Rights Act and/or Chapter 760, *Florida Statutes*.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's claims are barred, either in whole or in part, by any applicable statute of limitations, Plaintiff is precluded from recovering on those claims.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the doctrines of unclean hands, laches, waiver, and/or estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant maintained well-established and effective policies against discrimination such that any alleged discrimination, which Defendant denies, was in violation of Defendant's policies.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because her own acts and omissions proximately caused or contributed to any alleged loss or injury.

## **SIXTEENTH AFFIRMATIVE DEFENSE**

Defendant exercised reasonable care to prevent and correct promptly any harassing behavior and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities.

WHEREFORE, Defendant MHM Health Professionals, LLC respectfully requests that judgment be entered in its favor and against Plaintiff, and that it be awarded costs and attorneys' fees incurred in defending this action, as well as such further relief as the Court deems just and appropriate.

Respectfully submitted,

/s/Catherine H. Molloy
Richard C. McCrea, Jr.
Florida Bar No. 351539
Email: mccrear@gtlaw.com
Catherine H. Molloy
Florida Bar No. 33500
Email: molloyk@gtlaw.com
Andrea E. Nieto
Florida Bar No. 98039
Email: andrea.nieto@gtlaw.com
GREENBERG TRAURIG, P.A.
101 E. Kennedy Boulevard, Ste. 1900
Tampa, Florida 33602
(813) 318-5700 – Telephone
(813) 318-5900 – Facsimile
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 28, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to:

Brian H. Pollock<br>
FAIRLAW FIRM<br>
135 San Lorenzo Ave, Suite 770<br>
Coral Gables, FL 33146<br>
brian@fairlawattorney.com

/s/Catherine H. Molloy
Attorney